IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM DUANE RICHMOND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0560-G-BD |
| | § | |
| GARLAND POLICE SWAT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by William Duane Richmond, an inmate at the Dallas County Jail, against the City of Garland, the Garland Police Department, and five unidentified Garland police officers. On March 18, 2011, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit, including the identities of the individual defendants. Plaintiff answered the interrogatories on April 6, 2011, but was unable to name any of the Garland police officers or provide more descriptive information. The court now determines that plaintiff's claims against the

City of Garland and the Garland Police Department should be summarily dismissed with prejudice. His claims against the unidentified police officers should be dismissed without prejudice.

II.

On August 24, 2010, four members of the Garland Police SWAT team and an undercover officer allegedly entered plaintiff's home and arrested him. (*see* Plf. Compl. at 4, ¶ V). According to plaintiff, the unidentified officers kicked in his door without knocking and announcing their presence, and threw a stun grenade into the house. (*See* Mag. J. Interrog. #8). One of the officers allegedly threw plaintiff to the ground and stepped on his neck while another officer kneed him in the back and dragged him across the floor. (*See* Mag. J. Interrog. #1(b)). As a result of this incident, plaintiff states that he suffered numerous injuries, including two broken toes, twisted fingers, bruises, abrasions, and swelling. (*See* Mag. J. Interrog. #1(c)). By this suit, plaintiff seeks $30 million in damages and disciplinary charges brought against the officers.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i)  is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against the Garland Police Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Taylor v. Dallas County Jail*, No. 3-06-CV-0289-K, 2006 WL 1348755 at *2 (N.D. Tex. May 17, 2006) (citing cases). The Garland Police Department is not a separate entity having jural authority. *See, e.g. Brown v. Garland Police Dept.*, No. 3-05-CV-2477-K, 2006 WL 3542691 at *2 (N.D. Tex. Dec. 8, 2006). The claims against this defendant should be dismissed with prejudice.

C.

Nor has plaintiff stated a claim for relief against the City of Garland. In order to properly plead a claim for municipal liability, plaintiff must identify an official policy, custom, or practice giving rise to a constitutional violation. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43

F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). When asked if any of his claims were based on an official policy or custom of the City, plaintiff responded:

> The city is responsible for the police department (Garland) and there needed to be an appointed person to review and supervise that all proper procedures and policy is being followed.

(*See* Mag. J. Interrog. #5). Not only is there no respondeat superior liability under section 1983, *see Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989), but plaintiff alleges no facts to support his allegations. Consequently, there is no basis for municipal liability. *See Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266 at *3 (N.D. Tex. Jun. 6, 2007).

### D.

That leaves plaintiff's claims against the unknown Garland police officers. "Neither the Federal Rules of Civil Procedure nor 42 U.S.C. § 1983 provides authority for joining fictitious defendants in this suit." *Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *citing Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1350 (N.D. Tex. 1986). Although some courts have allowed the fictitious designation of defendants where their true identities can be learned only through discovery, *see Gallegos v. Slidell Police Dept.*, No. 07-6636, 2008 WL 1794170 at *2 (E.D. La. Apr. 18, 2008) (citing cases), a plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. *See Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007), *appeal dism'd*, No. 07-10672 (5th Cir. Aug. 23, 2007). Here, plaintiff was given an opportunity, through written interrogatories, to identify the members of the Garland Police SWAT team and the undercover police officer, either by name or by providing descriptive information. (*See* Mag. J.

Interrog. #4). Plaintiff was unable to do so. (*Id.*). Under these circumstances, a dismissal without prejudice is proper. *See Cowart v. Dallas County Jail*, No. 3-10-CV-1800-G, 2010 WL 4704480 at *2 (N.D. Tex. Oct. 18, 2010), *rec. adopted*, 2010 WL 4694454 (N.D. Tex. Nov. 12, 2010).

## RECOMMENDATION

Plaintiff's claims against the City of Garland and the Garland Police Department should be summarily dismissed with prejudice. His claims against the police officers should be dismissed without prejudice for failure to identify the defendants with enough specificity to enable service of process.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE