IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM DUANE RICHMOND | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0560-G-BD |
| | § | |
| GARLAND POLICE SWAT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Thomas Olvera and Matthew St. Clair have filed a motion for summary judgment

in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983.  In his complaint and

interrogatory answers, plaintiff alleges that unknown Garland police officers used excessive force

against him while executing a search warrant at his apartment.  (*See* Plf. Compl. at 4, ¶ V; Mag. J.

Interrog. #1(b)).  One of the officers allegedly threw plaintiff to the ground and stepped on his neck,

while another officer kneed plaintiff in the back, hyperextended his right leg, fractured two of his

toes, and twisted his fingers while applying handcuffs.  (*See* Mag. J. Interrog. #1(b)).  The officers

then allegedly dragged plaintiff across the floor and down the steps from his second floor apartment

to a waiting police car.  (*Id.*).  Because plaintiff was unable to identify any of the police officers with

enough specificity to enable service of process, the magistrate judge recommended dismissal without

prejudice of his excessive force claim.  (*See* Doc. #7).  In written objections to that recommendation,

plaintiff identified two of the officers as "Detective Olvera" and "M. St. Clair."  (*See* Doc. #8).  The

district judge authorized the case to proceed as to those defendants, (*see* Doc. #9),[1] who deny liability

and move for summary judgment on their defense of qualified immunity.  Plaintiff was ordered to

file a response to the motion by January 23, 2012, but failed to do so.  The court therefore considers

the motion without a response.

Summary judgment is proper when "there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The substantive law

determines which facts are material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  A party seeking summary judgment bears the initial

burden of showing the absence of a genuine issue for trial.  *See Duffy v. Leading Edge Products,*

*Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).  Once the movant meets its initial burden, the nonmovant

must show that summary judgment is not proper.  *See Duckett v. City of Cedar Park*, 950 F.2d 272,

276 (5th Cir. 1992).  The parties may satisfy their respective burdens by tendering depositions,

affidavits, and other competent evidence.  *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.),

*cert. denied*, 113 S.Ct. 82 (1992).  Where, as in this case, the nonmovant has not filed a summary

judgment response or submitted any controverting evidence, the court may accept as true the

undisputed facts adduced by the movant.  *See Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.

Tex. 1996).  All evidence must be viewed in the light most favorable to the party opposing the

motion.  *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Here, defendants move for summary judgment on their qualified immunity defense.

"Qualified immunity protects government officials 'from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable

---

[1] The magistrate judge also recommended dismissal of plaintiff's claims against the City of Garland, the Garland
Police Department, and other unnamed police officers. (*See* Doc. #7).  That recommendation was adopted by the district
judge. (*See* Doc. #9).

person would have known.'" *Winston v. City of Shreveport*, 390 Fed. Appx. 379, 383, 2010 WL

3190709 at *3 (5th Cir. Aug. 12, 2010), *quoting Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct.

808, 815, 172 L.Ed.2d 565 (2009); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct.

2727, 2738, 73 L.Ed.2d 396 (1982).   The Supreme Court has established a two-step analysis to

determine whether a police officer is entitled to qualified immunity.   First, the court must decide

"whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S.

730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *see also Kinney v. Weaver*, 367 F.3d 337,

356 (5th Cir.), *cert. denied*, 125 S.Ct. 102 (2004).   Second, the court must ask "whether the right at

issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S.Ct.

at 816, *citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

A court has discretion to decide which of the two prongs of the qualified immunity analysis should

be addressed first "in light of the circumstances in the particular case at hand." *Id.* at 818.

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the

plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305

F.3d 314, 323 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1355 (2003).   This burden applies both at trial

and on summary judgment. *Id.*; *see also Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir.

2001).   The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct

violated clearly established law. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).   In

order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff

cannot rest on conclusory allegations or assertions, but must demonstrate genuine issues of material

fact regarding the reasonableness of the defendant's conduct. *Id.*

Judged against these standards, the court determines that plaintiff cannot overcome the

affirmative defense of qualified immunity.   In a sworn affidavit, Detective Olvera states that he

obtained a "no knock" search warrant for plaintiff's apartment on August 25, 2010. (*See* Def. MSJ App at 2, ¶¶ 3-4 & Ex. A). Although Olvera was on the scene as the lead detective when the warrant was executed, he did not enter plaintiff's apartment until well after the SWAT team had secured the premises and cleared the apartment of any potential threats. (*Id.* at 2, ¶ 6). When Olvera finally entered the apartment, plaintiff was sitting handcuffed in a chair. (*Id.*). Olvera states that "[a]t no time during my interaction with Mr. Richmond did I ever put my knee on Mr. Richmond, drag Mr. Richmond, or grab or twist Mr. Richmond's hand, fingers, foot or toes." (*See id.* at 2-3, ¶¶ 5-6). Officer St. Clair also denies participating in the entry, arrest, or removal of plaintiff from his apartment. (*See id.* at 14, ¶ 5). Rather, St. Clair first encountered plaintiff after he was removed from the apartment by other officers and brought downstairs to his patrol unit. (*See id.* at 14, ¶ 6). Because of plaintiff's violent criminal history, including a prior conviction for attempted murder, and his prior attempts to flee from law enforcement, St. Clair applied a "wrist lock" while he searched plaintiff for weapons. (*See id.* at 14, ¶¶ 4, 6). According to St. Clair, "[a]t no time did I . . . ever put my knee on Mr. Richmond, drag Mr. Richmond, grab or twist Mr. Richmond's foot or toes, bend Mr. Richmond's fingers back, or apply any more pressure to Mr. Richmond's wrist that [*sic*] was necessary to maintain control of him while I searched him." (*See id.* at 15, ¶ 7).

The only evidence of any force used against plaintiff by these defendants was his placement in a "wrist lock" by Officer St. Clair. In view of the totality of circumstances confronting the officers, including plaintiff's violent criminal history and his prior attempts to flee from law enforcement, the court is unable to conclude that this level of force was clearly excessive to the need and objectively unreasonable. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871-72, 104 L.Ed.2d 443 (1989) ("Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of

physical coercion or threat thereof to effect it."). Without any controverting evidence,[2] plaintiff cannot establish a genuine issue of material fact for trial. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds*, 70 F.3d 26 (5th Cir. 1995) (in the absence of proof, court may not assume that the nonmoving party could or would prove the facts necessary to defeat summary judgment).

## **RECOMMENDATION**

Defendants' motion for summary judgment [Doc. #31] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Although the verified pleadings of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(c)(4), *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the only sworn pleadings submitted by plaintiff are his complaint filed on March 18, 2011, and his interrogatory answers filed on April 6, 2011. Nowhere in those pleadings does plaintiff identify Olvera or St. Clair as the Garland police officers who used excessive force against him.

DATED:  February 6, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE